ADELE BUCKHOLZ et al.

*vs.*

WILLIAM H. GRANT et al.

In an action by a grantor in a deed to set aside the instrument on the ground of fraud, an averment in the complaint that at the time of the execution of the deed the plaintiff was seized in fee simple and was the owner of the premises described in the deed, is a sufficient allegation of title.

Where the deed sought to be set aside conveyed certain lands specifically described, and also by separate clauses, in general language, transferred the right, title and interest of the grantor (plaintiff) in and to any *lands*, chattels, &c., to which she was then or might at any future period be entitled as heir at law of her deceased father, or either of certain de-

Buckholz et al. v. Grant et al.

ceased brothers or sisters, allegations in the complaint showing her heirship to such deceased persons, and the existence of inheritable property at the time of the death of such ancestors—in view of the whole complaint—*Held*, to be descriptive of property intended to be embraced in the general clause of such conveyance, and not intended to qualify the averment of title.

This action was brought in the district court for Hennepin county, by the plaintiffs Adele Buckholz and Emil Buckholz, her husband, against the defendants, to set aside a deed executed by the said Adele, to the defendants, on the ground of fraud. The defendants demurred to the complaint on the grounds, "1st. The said complaint does not state facts sufficient to constitute a cause of action. 2d. It appears upon the face of said complaint, that there is a defect of parties plaintiffs." The court below, overruled the demurrer, assigning the following reasons.

"The complaint shows that the plaintiff Adele Buckholz is the heir at law of certain parties deceased, and entitled to certain distributive shares of their property, that the deed which is sought to be set aside in this action not only purports to convey the specified lands and real estate actually described, but also contains other general clauses which appear to transfer all her rights, property, and interests whatever as the heir of said parties. I think enough appears upon the face of the complaint, taking it to be true, to show that the plaintiff may have parted with valuable rights and interests by the said deed, and that a cause of action is disclosed in the complaint.

She was not obliged to join other parties in interest; the deed was, it appears, made by her alone and she seeks to set this deed aside, the procuring of which she complains of."

The defendants appeal to this court from the order overruling the demurrer. The allegations of the complaint, so

far as necessary for an understanding of the points raised on that appeal, are sufficiently stated in the opinion of the court.

MASTERSON & SIMONS, for Appellants.

D. G. SHILLOCK, for Respondents.

*By the Court.*—McMILLAN, J.—This is an action brought to set aside a deed executed by the plaintiff Adele Buckholz, formerly Adele Le Clair, to the defendants on the ground of fraud. The defendants appeal to this court from an order of the district court overruling their demurrer to the complaint. The specific objection to the complaint, and the only one urged here in support of the demurrer, is that the facts stated in the complaint do not show that the plaintiffs have been injured by the deed they seek to cancel, because it does not appear that the plaintiff, Adele Buckholz, was the owner of, or had any interest in, the property described in the deed at the time the deed was executed or subsequently thereto.

The complaint shows that Adele Buckholz, one of the plaintiffs, is and was prior to the execution of the deed in question, the daughter and heir at law of Michael Le Clair, deceased, and sister and heir at law of William Le Clair, Edward Le Clair, Baptiste Le Clair, Sophia Le Clair and Margaret Le Clair, respectively deceased, and as such entitled to certain shares of the estate of her said father, and also of her said brothers and sisters, deceased.

The only allegations of property belonging to said deceased persons at the time of their deaths respectively, are: as to Michael Le Clair, that he died intestate, leaving to his heirs real and personal property of great value, to-wit, of the value of twenty thousand dollars; "and as to the de-

ceased brothers and sisters of the plaintiff above named, that they died after their father, 'and before the year 1866, leaving each to their respective heirs real and personal property of the value of several thousand dollars."

The complaint then alleges, in detail, facts constituting the fraud of the defendants in procuring the deed, and avers the execution of the deed by the said Adele upon the fraudulent representations of defendants, the terms of the deed, and that it is recorded in several counties; after which it proceeds to state, "that at the time of the aforesaid execution of said instrument, said Adele was seized in fee simple, and the owner of the lands, property and rights mentioned and described in said instrument, and also described and mentioned above as the property sold and assigned in said instrument, and that said lands, property and rights were then and still are of great value, to wit: of the value of ten thousand dollars."

We think there is no doubt that this allegation, standing alone, with its force unimpaired by other averments, is a sufficient averment of title in the plaintiff Adele at the time of the alleged conveyance. It is claimed by the defendants, however, that "this averment is not predicated upon, and does not refer to an ownership based upon any purchase she had ever made, but that it relates solely to a title by descent which was attempted to be set up in the first part of the complaint." The averment does not on its face, or in terms, purport to be predicated upon any particular statement of facts or chain of title, but is a positive and direct statement that the title was in the plaintiff Adele, at the time the conveyance was executed. This is all that was required to constitute a sufficient allegation of title.

The allegations in the first part of the complaint, the substance of which we have recited above, are the only allega-

tions which could possibly qualify this averment of title.

The deed in question, it will be observed, conveys certain lands specifically described, and also by separate clauses in general language transfers the right, title and interest of the plaintiff Adele in and to any lands, chattels, &c., to which she was then or might at any future period be entitled as heir at law or otherwise of her deceased father, or either of her said deceased brothers or sisters. So far as these latter clauses are concerned, in order to show damage from their operation it was proper for the plaintiffs to show the existence of a subject or property upon which they would operate, and in order to describe this subject or property, it was necessary for the plaintiffs to allege these facts constituting the heirship of said Adele, and the existence of said inheritable property at the time of the death of her said ancestors, not for the purpose of alleging title, but the existence of the subject of the conveyance; this, we think, was the object of these allegations. They are distinct from the direct allegation of title, in their positions in the complaint, and different from it in their nature, and have no logical connection therewith, although all the allegations embrace some elements in common. It matters not that it may be inferred from the pleading that the allegation of title will be supported by evidence of a chain of title by descent, unless the pleader has undertaken to plead his title by setting it out at length, which, we think, has not been done in this case as to any part of the premises.

Again: as to the lands specifically described in and conveyed by the deed, there is nothing in the complaint to show that the title to it, or to any portion of it, was ever in either of the decedents, or in any other person than the plaintiff Adele, who is averred to be the owner in fee simple, and in executing the conveyance is exercising the highest act of

Buckholz et al. v. Grant et al.

ownership. So far, therefore, as this part of the premises in the deed are concerned, it seems to us there is no probable ground for the position that the positive allegation of the ownership of the plaintiff Adele, is qualified by the allegation of her heirship in the former part of the complaint. It is true the complaint alleges that she was "totally ignorant of her property and proprietary rights" at the time of the conveyance, but it does not follow from this that she must have acquired her right to this property by descent; it may, for example, have been acquired by devise, and she have been totally ignorant of it at the time of making the deed; especially may this be true, in view of the allegation "that she was never instructed, and never learned, and does not now, nor never understood either to read or write, and that she grew up among strangers." We think, notwithstanding the rule that a pleading must be construed most strongly against the pleader, the allegation of title in the complaint is sufficient.

The order overruling the demurrer is affirmed.